UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY McPHERSON,

Plaintiff,

v.

V. GRANDELL,

Defendant.

Case No.: 1:26-cv-04159-JLT-EGC (PC)

**AMENDED FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT AS FRIVOLOUS AND TO CLOSE THIS ACTION**

(Doc. 1)

14-Day Objection Period

Plaintiff Michael Bruce Anthony McPherson is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**II.      PLEADING REQUIREMENTS**

**A. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to

2

*Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III.    DISCUSSION

#### A. Plaintiff's Complaint

Plaintiff identifies Correctional Counselor I V. Grandell[1] at the Substance Abuse Treatment Facility as the sole defendant in this action. (Doc. 1 at 1-2.) Asked about previous lawsuits, Plaintiff affirmed that he had filed other lawsuits while a prisoner, but when asked how many he has filed, Plaintiff wrote "N/A." (*Id.* at 2.) He asserts a single claim for relief and identifies his constitutional or other federal right violated as "CCI V. Grandell Threaten to Kill Me" and the issue involved as "Threat to Safety." (*Id.* at 3.) By way of relief, Plaintiff seeks the following: "And any other relief, remedy, equity, equitable, declaratory judgment or declaratory relief that is substantially fair because I'm not doing for no body in prison or outside prison." (*Id.* at 18.) Attached to the complaint are the following notarized documents: (1) "Declaration, Name and Ownership" (*id.* at 4-5); (2) "Declaration, Domain and Dominion Ownership" (*id.* at 6-7); (3) "Declaration, Manor Independence Authority" (*id.* at 8-9); (4) "Declaration, USA Owner" (*id.* at 10-11); (5) "Declaration of Military Ownership" (*id.* at 12-13); and (6) "Declaration, Statute [sic] of Liberty" (*Id.* at 14-15).

#### B. Plaintiff's Sole Claim for Relief

The entirety of Plaintiff's claim reads as follows:

---

[1] The Court observes this individual's name might also be "Crandell" rather than "Grandell."

3

> On 5/28/2026 at 12:09 PM after meds, CCI V. Grandell threaten to kill me.
>
> CCI V. Grandell refused to release me and acknowledge a court declaration regarding my "sovereign status" and "release."
>
> CCI V. Grandell stated: she would rather me die than to allow me to go free to protect herself
>
> I walked out CCI V. Grandell office scared and confused with no understanding for she is required to follow the law and her job duties.
>
> I seek from the district court to declare the existing status, rights, duties, obligations of the parties, and the legal relationship between the parties.

(*See* Doc. 1 at 3.) Plaintiff identifies his injury as "emotional, scared, confused, sad." (*Id*.) Finally, a review of the "Administrative Remedies" section reveals Plaintiff's claim is not exhausted. (*Id*.)

### C.  Analysis

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke,* 490 U.S. at 325, 328 (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios"). "The Court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, No. 2:21-cv-0997-CKD P, 2021 WL 3602139, at *1 (E.D. Cal. Aug. 13, 2021) (citing *Neitzke*, 490 U.S. at 327).

A review of Plaintiff's complaint reveals its factual contentions are clearly baseless. First, Plaintiff continues to assert a "declaration" requires his release from custody. (Doc. 1 at 3.) Plaintiff has made this same assertion in previous cases filed in this Court; however, the Court has repeatedly dismissed those claims as frivolous and closed the actions.[2] For example, in *McPherson v. Thurston*, case number 1:26-cv-04156-KES-EGC, District Judge Kirk E. Sherriff adopted findings and recommendations to dismiss Plaintiff's complaint as frivolous wherein Plaintiff alleged a

---

[2] *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule").

"Judicial Declaration" required his release from custody. (1:26-cv-04156, Docket Entry Nos. 5 & 7.)  And in *McPherson v. California Department of Corrections and Rehabilitation*, case number 1:25-cv-01026-KES-SKO, Judge Sherriff dismissed a similar claim as frivolous wherein Plaintiff alleged he was entitled to "Freedom From Unlawful Custody" and identified the issue as a "Failure to Release," asserting a declaration attached as an exhibit to his complaint entitled him to a release from custody. (1:25-cv-01026, Docket Entry Nos. 16 & 18.)

Next, to the extent Plaintiff alleges "CCI V. Grandell threaten to kill [him]" (*see* Doc. 1 at 3), that assertion does not state a claim upon which relief can be granted. *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (the verbal exchange of offensive insults between inmates and guards do not rise to the level of an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F2d 136, 139 (9th Cir. 1987) (mere verbal harassment or abuse does not violation the Constitution and does not give rise to a claim for relief under § 1983).

Lastly, the Court has reviewed Plaintiff's exhibits. The various declarations were prepared by Plaintiff and are simply irrational or nonsensical. For example, in the "Declaration, Name and Ownership," Plaintiff states: "LORD. Title 'Document Rose Origin, Liberty, One Rose Document'" and "KENG. Title 'Government National England Kuran England National Gad.'" (Doc. 1 at 4; *see also* Doc. 1 at 6, 8, 10, 12, 14.) None of the exhibit attached to Plaintiff's complaint support his claim here.

Simply put, Plaintiff's complaint is frivolous because his claim is irrational, fantastical and clearly baseless. *Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 325, 328; *Howell*, 2021 WL 3602139, at *1. And because Plaintiff's complaint is frivolous, granting Plaintiff leave to amend his complaint would be futile. *See Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Therefore, the undersigned will recommend this action be dismissed.

**IV.    CONCLUSION AND RECOMMENDATION**

Accordingly, for the reasons stated above, the Court **HEREBY RECOMMENDS** that Plaintiff's complaint be **DISMISSED** as frivolous and without leave to amend, and that this action be closed.

These Findings and Recommendations will be submitted to the United States District Judge

5

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 6, 2026**                    _____
                                             UNITED STATES MAGISTRATE JUDGE